UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT LONDON

| TROY DEAN BUSH, | ) | |
|---|---|---|
| Petitioner, | ) | Civil Action No. 6:11-CV-00167-KSF |
| V. | ) | |
| | ) | **MEMORANDUM OPINION** |
| KAREN F. HOGSTEN, *Warden*, | ) | **AND ORDER** |
| Respondent. | ) | |

\*\* \*\* \*\* \*\* \*\*

Troy Dean Bush, confined in the Federal Prison Camp ("FPC") located at the Federal Correctional Institution ("FCI") in Manchester, Kentucky, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. [D. E. No. 2]. Bush seeks an Order directing FCI-Manchester officials either to place him in, or consider him for placement in, the Residential Drug Abuse Program ("RDAP") at the prison.[1]

As Bush has paid the $5.00 filing fee, the Court reviews his § 2241 petition to determine whether, based on the face of the petition and any exhibits attached thereto, Bush is entitled to relief. *See* Rule 4, Rules Governing 28 U.S.C. § 2254 Cases; (applicable to § 2241 petitions under Rule 1(b)). *See*, *e.g.*, *Patton v. Fenton*, 491 F.Supp. 156, 158-59 (M.D. Pa. 1979); *see also* 28 U.S.C. § 2243. A district court may summarily dismiss a petition if it appears from its face

---

[1] Eligible federal inmates may receive various incentives if they participate in drug abuse treatment programs. 28 C.F.R. § 550.57. The Bureau of Prisons ("BOP") has discretion to grant an inmate a sentence reduction of up to one year if he was convicted of a nonviolent offense, qualifies for the RDAP, and successfully completes the RDAP. 18 U.S.C. § 3621(e)(2)(B).

that the petitioner is not entitled to relief. *See* 28 U.S.C. § 2243; *Blevins v. Lamanna*, 23 F. App'x 216, 218 (6th Cir. 2001); *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970).

For the reasons set forth below, the Court will deny Bush's § 2241 petition and dismiss this proceeding without prejudice for his failure to exhaust applicable administrative remedies.

## ALLEGATIONS OF THE PETITION

Bush alleges that he suffers from a documented and legitimate substance abuse problem. He claims that Mr. "A." Botang, the RDAP Coordinator at FPC-Manchester, has arbitrarily abused his discretion by refusing to allow him to participate in the RDAP; that Botang refuses to recognize that he has a substance abuse problem; and that Botang believes he wants to participate in the RDAP only because of a possible one-year reduction of his federal sentence. Bush further alleges that the FPC-Manchester RDAP staff has threatened to retaliate against him, by filing an Incident Report against him and deducting his good-time credits, if he continues to seek admission into the RDAP or appeals the staff's adverse decisions.

Bush alleges that the RDAP staff at FPC-Manchester refuses to properly apply the criteria of 18 U.S.C. § 3624 when evaluating whether an inmate is eligible to participate in the RDAP. He claims that the staff follows a set policy and/or custom of arbitrarily and categorically excluding certain inmates from participation in the program, in violation of § 3624, even when the inmate's file contains documents substantiating a substance abuse problem. [*Id*., p. 5].

On April 11, 2011, and again on May 27, 2011, Bush submitted an "Inmate Request to Staff," requesting consideration for placement in the RDAP. [R. 2-1 pp. 1-2]. Botang denied Bush's April 11, 2011, Request, stating "Your current 36-month date is <u>5/8/2011</u>. You may

request an interview at that time," [*id*., p. 1], and his May 27, 2001, Request, stating "Your document has been reviewed and your request to be reinterviewed is denied." [*Id*., p. 2].

Bush argues that he is not required to administratively exhaust his claim any further because the exhaustion requirements of 42 U.S.C. § 1997(e) do not apply to a habeas proceeding under § 2241. Bush acknowledges the judicially-created exhaustion requirement, but contends that further administrative exhaustion would be futile because Botang, FPC-Manchester, and the BOP, have adopted "uniform policies and customs that contravene the federal statute governing RDAP participation and denies eligible inmates participation in the program notwithstanding their documented histories of abuse and dependency." [*Id*., p. 4].

## DISCUSSION

Bush's arguments, that he has done all he is required to do to administratively exhaust his claim and that the Court should consider his demand for RDAP placement as fully exhausted and ripe for consideration, lack merit.

Although 28 U.S.C. § 2241 contains no statutory exhaustion requirement, federal courts consistently require federal prisoners to fully exhaust the available administrative remedies within the BOP[2] before filing a petition seeking habeas corpus relief pursuant to § 2241. *Fazzini v. Northeast Ohio Corr. Center*, 473 F.3d 229, 231 (6th Cir. 2006); *Little v. Hopkins*, 638 F.2d

---

[2] The BOP has a multi-tiered administrative remedy process through which a federal inmate may seek a remedy regarding his confinement. *See* 28 C.F.R. §§ 542.10-542.19. Section 542.13(a) demands that an inmate first informally present his complaint to the staff, thereby providing them with an opportunity to correct the problem, before filing a request for an administrative remedy. If the inmate cannot informally resolve his complaint, then he may file a formal written request (a BP-9 form) to the Warden. *See id*. § 542.14(a). If the inmate is not satisfied with the Warden's response, he may appeal by filing a BP-10 form with the Regional Director, and if the inmate is not satisfied with the Regional Director's response, he may appeal by filing a BP-11 form with the Office of General Counsel. *See id*. § 542.15 (a)-(b).

953, 953-954 (6th Cir. 1981) (per curiam). *See also Gambino v. Morris*, 134 F.3d 156, 171 (3d Cir.1998); *Kendrick v. Carlson*, 995 F.2d 1440, 1447 (8th Cir. 1993).

Exhaustion promotes a number of desirable goals, including filtering out frivolous claims, giving the agency the opportunity to review its conclusions short of litigation, and developing a full and complete factual record which allows a district court to review the agency's final action. *Lyons v. U.S. Marshals*, 840 F.2d 202, 205 (3d Cir. 1988); *Brice v. Day*, 604 F.2d 664 (10th Cir. 1979), *cert. denied*, 444 U.S. 1086 (1980). "Proper exhaustion often results in the creation of an administrative record that is helpful to the court." *Barney v. Correctional Medical Services, Inc.*, 08-CV-00694, 2009 WL 3711612, *12 (W.D. Mich. Nov. 3, 2009).

Contrary to Bush's allegations, it is not obvious either that he suffers from a current substance abuse problem sufficient to warrant participation in the RDAP, *or* that the RDAP staff has arbitrarily refused to consider him for participation in the RDAP. First, Bush stated in his April 14, 2011, "Inmate Request to Staff," that he had "a high probability" of having a substance dependence disorder. [R. 2-1, p. 1]. But a "high probability" of a substance abuse problem sounds ambiguous and speculative.

Second, Bush attached to his § 2241 petition a letter from Joyce Hendrix, who identifies herself as "BS, SAS, QDDP" without defining those terms. [R. 2-1, P. 7]. Hendrix stated that her children had been friends with Bush in his teens and twenties; that Bush had suffered from a cocaine addiction at some unspecified point in time in the past; and that Bush would benefit from participating in a 12-step program. Because the letter was not typed on professional letterhead and contains several misspelled words, its credibility could be questioned.

Third, Bush attached to his § 2241 petition a substance abuse screening test result, dated August 14, 1996, showing that he had tested positive for cocaine metabolites. [R. 2-1, p. 6]. But a fifteen-year old test result would likely carry only limited weight when assessing whether Bush suffers from a *current* or *recent* substance abuse problem.

Given this information, exhaustion of administrative remedies in this case would not be futile. Because Bush's 2241petition is premature, it will be dismissed without prejudice to him filing a subsequent § 2241 petition after completing the BOP administrative remedy process. If followed properly, the entire administrative remedy process takes approximately ninety days. Even if the BOP extended the response time at all levels, the process would most likely take no more than one hundred and sixty days.

Requiring complete administrative exhaustion will not prejudice Bush because according to the "Inmate Locator" feature of the BOP's official website, www.bop.gov, his actual or projected release date is not until May 8, **2014**, almost three years from now. Bush thus has ample time in which to complete the entire BOP administrative remedy process, from start to finish, as to his request to be considered for participation in the RDAP.

Bush also alleges that the RDAP staff has threatened him with retaliation if he continues either to seek RDAP placement or administratively exhaust his claims. Bush must assert any claims of threats of retaliation in a separate civil action filed under 28 U.S.C. § 1331, pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and either pay the $350.00 filing fee or seek pauper status in that action. He cannot assert claims relating to the conditions of his confinement in a § 2241 petition. *See Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004); *Sullivan v. United States*, 90 F. App'x 862, 863 (6th Cir. 2004).

Even if Bush fully exhausts his RDAP claims and files another § 2241 petition, he likely would not assert a valid constitutional claim, barring additional information obtained during the exhaustion process. The RDAP statute, 18 U.S.C. § 3621, requires the BOP to provide a residential drug abuse treatment program, but it defines neither the contours of that program nor the requirements for prisoner eligibility, and leaves to the BOP's discretion the decision of whether to grant early release. *See Lopez v. Davis*, 531 U.S. 230, 241(2001).[3] Thus, even where a prisoner successfully completes the RDAP, the BOP retains the discretion to deny early release. *See McLean v. Crabtree*, 173 F.3d 1176, 1182 (9th Cir. 1999); *Orr v. Hawk*, 156 F.3d 651, 653-54 (6th Cir. 1998).

Finally, it is well settled that prisoners have no constitutionally protected liberty interest in either discretionary release prior to the expiration of their prison terms, *see Greenholtz v. Inmates of Neb. Penal & Correctional Complex*, 442 U.S. 1, 7(1979), or participation in any prison rehabilitation programs, *see Moody v. Daggett*, 429 U.S. 78, 88 n. 9 (1976). Despite these perceived deficiencies, Bush's § 2241 petition will be dismissed without prejudice to him fully completing the BOP administrative remedy process.

---

[3] Specifically, § 3621(e)(2)(B) provides as follows:

> The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program **may** be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve.

18 U.S.C. § 3621(e)(2)(B) (emphasis added).

## CONCLUSION

Accordingly, **IT IS ORDERED** as follows:

(1) Petitioner Troy Dean Bush's § 2241 petition, [R. 2] is **DENIED;**

(2) This action is **DISMISSED WITHOUT PREJUDICE** to Bush asserting his claims through the Bureau of Prisons administrative remedy procedures, 28 C.F.R. § 542. 13-19, and filing a new § 2241 petition if his claims are adversely decided; and

(3) Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the Respondent, Warden Karen Hogsten.

This July 11, 2011.

Signed By:
*Karl S. Forester* KSF
United States Senior Judge